IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY JONES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-23-1312 |
| MR. GREGORY FISCHER, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM ORDER

On May 17, 2023, self-represented Plaintiff Gary Jones filed this action alleging that Defendants Gregory Fischer, Judit Otvos, Todd Oppenheim, Lisa Fishelman, Natasha Dantigue, and Lydia E. Lawless, all of whom he identifies as public sector attorneys in various capacities, violated his rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution through alleged deprivation of his right to counsel in proceedings before Maryland state courts. ECF No. 1. Jones seeks injunctive relief as well as $13,000 in punitive damages. ECF No. 1 at 13. Because Jones claims a "violation[] of civil rights" (ECF No. 1-1), the court construes the Complaint to assert claims pursuant to 42 U.S.C. § 1983.

Jones filed a Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, which shall be granted. Because Jones is proceeding *in forma pauperis*, the court is required to evaluate the Complaint to determine if the case is subject to dismissal in accordance with 28 U.S.C. § 1915(e)(2). The court may "dismiss [a] case" if it determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). While the court is mindful that court papers filed by self-represented parties are to be liberally construed, *Erickson v. Pardus,* 551 U.S. 89 (2007), a self-represented plaintiff still bears "the burden of

alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Against this backdrop, Jones's Complaint is subject to summary dismissal.

To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for civil remedies under 42 U.S.C. § 1983. Therefore, Defendants are not subject to suit under § 1983 and Plaintiff's § 1983 claims will be dismissed.[1] *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (per curiam) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56, nn.2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324, nn.8-16 (1981) (public defender); s*ee also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (explaining that "[u]nlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

To the extent Jones endeavors to state a legal malpractice action, this claim, too, fails for lack of subject matter jurisdiction. "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction'" and may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Home Buyers Warranty Corporation v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *United States, ex rel. Voyyuru v. Jadhov*, 555 F.3d 337, 347 (4th Cir.

---

[1] For purposes of this memorandum, the court makes no findings as to whether the named Defendants serve in the capacities Jones alleges; rather the court accepts as true the allegations as to Defendants' respective civil servant capacities.

2009); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (holding that where a party seeks to proceed in federal court, he "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter."). Importantly, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna*, 750 F.3d at 432; *see also Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it" and "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377). Because "jurisdiction goes to the very power of the court to act" "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008); *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) (holding that "[i]t is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."); *see also Snead v. Board of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011). Pursuant to Federal Rule of Civil Procedure 12(h)(3), therefore, "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-507 (2006).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1331. *See also*

U.S. CONSTITUTION ART. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."). Moreover, 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." These grounds do not apply here.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. This is known as diversity jurisdiction. Diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Diversity jurisdiction does not exist here, because all parties are all located within Maryland and Jones seeks less than $75,000 in damages. As a result, Jones cannot bring a legal malpractice action against Defendants in this court.

Accordingly, it is this 24th day of May, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Jones's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Complaint IS DISMISSED;

3. The Clerk SHALL PROVIDE a copy of this Order to Jones; and

4. The Clerk SHALL CLOSE this case.

                                                                                          /s/
                                                                    Julie R. Rubin
                                                                    United States District Judge