IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY JONES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-23-1312 |
| MR. GREGORY FISCHER, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## **MEMORANDUM ORDER**

By Memorandum Order dated May 24, 2023, this Court dismissed Plaintiff Gary Jones's Complaint after finding a lack of subject matter jurisdiction. ECF No. 4. Specifically, to the extent Mr. Jones sought to bring a 42 U.S.C. § 1983 claim pursuant to this Court's federal question jurisdiction, the named Defendants did not act under color of state law while representing Mr. Jones in their capacity as public defenders and are not subject to suit under § 1983. *Id.* Alternatively, to the extent Mr. Jones intended to bring a legal malpractice action, diversity jurisdiction is not available as all parties are located in Maryland. *Id.*

On June 8, 2023, the Court received correspondence from Mr. Jones asking the Court to reconsider its decision. ECF No. 5. Upon review of the letter, which the Court construes as a Motion for Reconsideration, Mr. Jones's request shall be denied.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008). Because Mr. Jones filed his Motion within

28 days of the Court's judgment, Rule 59(e) controls. *Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014); *see also* Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

"Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014). But, the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit has clarified: "Our case law makes clear [] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see also United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 2018 WL 587746 (June 25, 2018). "'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Mr. Jones's Motion does not present any of these circumstances. There has been no change in the law, nor has Mr. Jones presented any new evidence. At most, Mr. Jones claims that this Court has subject matter jurisdiction because his allegations are based on violations of the United States Constitution. ECF No. 5. However, Mr. Jones misconstrues the Court's finding that Defendants are not state actors to merely be "person[al] opinion." *Id.* at 2. Contrary to Mr. Jones's summary allegation, the Supreme Court has made clear that "[u]nlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor." *Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed

attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender). Therefore, dismissal of Mr. Jones's Complaint was proper, and his Motion for Reconsideration will be denied.[1]

Accordingly, it is this  12th   day of July, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Mr. Jones's Motion for Reconsideration (ECF No. 5) IS DENIED;

2. The Clerk SHALL CLOSE this case; and

3. The Clerk SHALL SEND a copy of this Order to Mr. Jones.

_____/S/_____
Julie R. Rubin
United States District Judge

---

[1] To the extent Mr. Jones seeks to challenge a criminal conviction entered in state court based on a claim of ineffective assistance of counsel, he may file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See In re Wright*, 826 F.3d 774, 783 (4th Cir. 2016).